# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| TAUNDRA TAYLOR, )<br><br>     Plaintiff, )<br><br>**v.** )<br><br>PAULA SENN PETERS; )<br>BAYER CORPORATION; )<br>BAYER HEALTHCARE, LLC; )<br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; )<br>BAYER SCHERING PHARMA AG; )<br>BAYER AG; )<br>BARR PHARMACEUTICALS, INC.; )<br>BARR PHARMACEUTICALS, LLC; )<br>BARR LABORATORIES, INC.; )<br>TEVA PHARMACEUTICALS INDUSTRIES LTD.; )<br>TEVA PHARMACEUTICALS USA, INC.; and )<br>Fictitious Defendants "A", "B" and "C", )<br><br>     Defendants. )  | Case No. 2:10-cv-991<br><br>Judge Mark E. Fuller<br><br><br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND ADDITIONAL DEFENSES
## OF DEFENDANT BAYER CORPORATION

Defendant Bayer Corporation, for its Answer to Plaintiff's First Amended Complaint (the "Complaint"), states as follows:

1.     Bayer Corporation admits, on information and belief, that Plaintiff is a resident and citizen of Alabama. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.     Bayer Corporation admits, on information and belief, that Paula Senn Peters is a resident and citizen of Alabama. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.      Bayer Corporation admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  Bayer Corporation denies any remaining allegations in paragraph 3.

4.      Bayer Corporation admits that Bayer HealthCare LLC is a limited liability company formed in Delaware.  Answering further, Bayer Corporation states that because Bayer HealthCare LLC's only member, Bayer Corporation, is an Indiana corporation with its principal place of business in Pennsylvania, Bayer HealthCare LLC is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction.  Bayer Corporation admits that Bayer HealthCare LLC is wholly owned by Bayer Corporation.  Bayer Corporation denies the remaining allegations in paragraph 4.

5.      Bayer Corporation admits that Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey.  Bayer Corporation denies the remaining allegations in paragraph 5.

6.      Bayer Corporation admits that Bayer Schering Pharma AG, which was formerly known as Schering AG, is a German company with its principal place of business at Müllerstraβe 178, 13353 Berlin, Germany.  Bayer Corporation admits that Bayer Schering Pharma AG is a pharmaceutical company.  Bayer Corporation denies the remaining allegations in paragraph 6.

7.      Bayer Corporation admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  Bayer Corporation admits that Bayer AG's business areas include material science and pharmaceuticals.  Bayer Corporation denies the allegations in the second sentence in paragraph 7.  Bayer Corporation admits that Bayer Corporation and Bayer Schering Pharma AG are wholly owned by Bayer AG and that

Bayer HealthCare Pharmaceuticals Inc. and Bayer HealthCare LLC are indirectly owned by Bayer AG. Bayer Corporation denies the remaining allegations in paragraph 7.

8.     Bayer Corporation admits that the Complaint contains allegations referring to Bayer Corporation and other entities collectively as "Bayer", "Bayer Defendants", "Corporate Defendants" or otherwise, but Bayer Corporation is not answering the Complaint on behalf of any entity other than Bayer Corporation, and is not answering allegations that are directed to any entity other than Bayer Corporation. Bayer Corporation accordingly denies the allegations in paragraph 8.

9.     Bayer Corporation denies, on information and belief, the allegations in paragraph 9.

10.     Bayer Corporation denies, on information and belief, that Barr Pharmaceuticals LLC is a Delaware corporation. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10. Answering further, Bayer Corporation states that because the only member of Barr Pharmaceuticals LLC, formerly known as Barr Pharmaceuticals, Inc., is Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in Pennsylvania, Barr Pharmaceuticals LLC, formerly known as Barr Pharmaceuticals, Inc., is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.

11.     Bayer Corporation admits, on information and belief, that Barr Laboratories, Inc. is a Delaware corporation with its principal place of business in New Jersey. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.     Bayer Corporation admits that the Complaint contains allegations referring to Bayer Corporation and other entities collectively as "Corporate Defendants" or otherwise, but Bayer Corporation is not answering the Complaint on behalf of any entity other than Bayer Corporation, and is not answering allegations that are directed to any entity other than Bayer Corporation.  Bayer Corporation accordingly denies the allegations in paragraph 12.

13.     Bayer Corporation admits, on information and belief, that Teva Pharmaceutical Industries Ltd. is an Israeli corporation with its principal place of business in Israel.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.     Bayer Corporation admits, on information and belief, that Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in Pennsylvania.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15.     Bayer Corporation admits that the Complaint contains allegations referring to Bayer Corporation and other entities collectively as "Corporate Defendants" or otherwise, but Bayer Corporation is not answering the Complaint on behalf of any entity other than Bayer Corporation, and is not answering allegations that are directed to any entity other than Bayer Corporation.  Bayer Corporation accordingly denies the allegations in paragraph 15.

16.     Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding parties designated in the Complaint as Fictitious Defendants "A", "B" or "C".  For a further response, Bayer Corporation states that Bayer Corporation is not answering the Complaint on behalf of any entity other than Bayer

Corporation, and is not answering allegations that are directed to any entity other than Bayer Corporation. Bayer Corporation denies any remaining allegations in paragraph 16.

17.     Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Bayer Corporation admits that Ocella® is a generic version of Yasmin®. Bayer Corporation denies that Bayer Corporation designed, manufactured or sold Yasmin® or Ocella®. Bayer Corporation admits that Barr Laboratories, Inc. distributes the generic equivalent of Yasmin® in the United States under the name Ocella®. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Bayer Corporation denies the allegations in paragraph 20.

21.     Bayer Corporation denies the allegations in paragraph 21.

22.     Bayer Corporation admits that Ocella® is a combination oral contraceptive ("COC") containing an estrogen and a progestin. Bayer Corporation further admits that COCs prevent pregnancy through some combination of effects which may include the inhibition of ovulation and changes in the cervical mucus (which increases the difficulty of sperm entry into the uterus) and the endometrium (which reduces the likelihood of implantation). Bayer Corporation denies the remaining allegations in paragraph 22.

23.     Bayer Corporation admits that Ocella® is a generic version of Yasmin®. Because of the vagueness and ambiguity of the remaining allegations in the first sentence in paragraph 23, Bayer Corporation is without knowledge or information sufficient to form a belief

as to the truth of those allegations. Bayer Corporation admits that Ocella® contains the progestin drospirenone. Bayer Corporation denies the remaining allegations in paragraph 23.

24.     Bayer Corporation admits that Ocella® contains the estrogen ethinyl estradiol. Bayer Corporation denies any remaining allegations in paragraph 24.

25.     Bayer Corporation denies the allegations in paragraph 25.

26.     Bayer Corporation admits that women using combination oral contraceptives in the 1960s were found to have an increased risk of arterial and venous thromboembolic events, compared to non-pregnant women who were not using combination oral contraceptives. Bayer Corporation further admits that the risk associated with the use of combination oral contraceptives declined after the 1960s with the development of new combination oral contraceptives. Because of the vagueness and ambiguity of the remaining allegations in paragraph 26, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of those allegations.

27.     Bayer Corporation admits that Ocella® contains drospirenone. Bayer Corporation admits that the antimineralocorticoid activity of drospirenone may potentially increase potassium levels in the blood. Because of the vagueness and ambiguity of the remaining allegations in paragraph 27, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Bayer Corporation denies any allegation that Ocella®, when used in accordance with the labeling, is associated with clinically significant hyperkalemia. Bayer Corporation denies any remaining allegations in paragraph 27.

28.     Bayer Corporation denies that Ocella® when used in accordance with the labeling is associated with hyperkalemia at the level that can cause heart rhythm disturbances. Bayer

Corporation admits that severe hyperkalemia from other causes may result in certain heart rhythm disturbances. Bayer Corporation denies the remaining allegations in paragraph 28.

29.     Bayer Corporation denies the allegations in paragraph 29.

30.     Bayer Corporation denies the allegations in paragraph 30.

## COUNT ONE

31.     The allegations in paragraph 31 are not directed to Bayer Corporation, and therefore no response is required by Bayer Corporation. To the extent that a response is required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. For a further response, Bayer Corporation states that Plaintiff Taundra Taylor has executed a full settlement and release of her claims against Paula Senn Peters, and therefore denies that Plaintiff Taundra Taylor is entitled to any additional relief from Paula Senn Peters.

## COUNT TWO

32.     Bayer Corporation incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

33.     Bayer Corporation denies the allegations in paragraph 33.

34.     Bayer Corporation denies the allegations in paragraph 34.

35.     Bayer Corporation denies the allegations in paragraph 35.

36.     Bayer Corporation denies the allegations in paragraph 36.

37.     Bayer Corporation denies the allegations in paragraph 37.

## COUNT TWO [sic]

38.     Bayer Corporation incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

39.     Bayer Corporation denies the allegations in paragraph 39.

40.     Bayer Corporation denies the allegations in paragraph 40.

41.     Bayer Corporation denies the allegations in paragraph 41.

42.     Bayer Corporation denies the allegations in paragraph 42.

43.     Bayer Corporation denies the allegations in paragraph 43.

## COUNT THREE

44.     Bayer Corporation incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

45.     Bayer Corporation denies the allegations in paragraph 45.

46.     Bayer Corporation denies the allegations in paragraph 46.

47.     Bayer Corporation denies the allegations in paragraph 47.

48.     Bayer Corporation denies the allegations in paragraph 48.

49.     Bayer Corporation denies the allegations in paragraph 49.

50.     Bayer Corporation denies the allegations in paragraph 50.

## COUNT FOUR

51.     Bayer Corporation incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

52.     Bayer Corporation denies the allegations in paragraph 52.

53.     Bayer Corporation denies the allegations in paragraph 53.

54.     Bayer Corporation denies the allegations in paragraph 54.

55.     Bayer Corporation denies the allegations in paragraph 55.

56.     Bayer Corporation denies the allegations in paragraph 56.

## COUNT FIVE

57.     Bayer Corporation incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

58.     Bayer Corporation denies the allegations in paragraph 58.

59.     Bayer Corporation denies the allegations in paragraph 59.

60.     Bayer Corporation denies the allegations in paragraph 60.

61.     Bayer Corporation denies the allegations in paragraph 61.

62.     Bayer Corporation denies the allegations in paragraph 62.

## COUNT SIX

63.     The allegations in paragraph 63 are not directed to Bayer Corporation, and therefore no response is required by Bayer Corporation.  To the extent that a response is required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.  For a further response, Bayer Corporation states that Plaintiff Taundra Taylor has executed a full settlement and release of her claims against Paula Senn Peters, and therefore denies that Plaintiff Taundra Taylor is entitled to any additional relief from Paula Senn Peters.

64.     Bayer Corporation denies the allegations in paragraph 64, including all subparts.

65.     Bayer Corporation denies that Plaintiff is entitled to any relief, including but not limited to the relief requested in the "Wherefore" clauses of the Complaint.

66.     Bayer Corporation denies each and every allegation in the Complaint that relates to or is directed to Bayer Corporation unless such allegations are expressly admitted in this Answer.

## ADDITIONAL DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Bayer Corporation in this matter. Bayer Corporation accordingly reserves the right to assert these separate and additional defenses. Upon completion of discovery, if the facts warrant, Bayer Corporation may withdraw any of these additional defenses as may be appropriate. Bayer Corporation further reserves the right to amend its Answer and defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of additional defense, Bayer Corporation states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

3.      Plaintiff's claims are barred, in whole or in part, by laches, waiver and/or estoppel.

4.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

5.      The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

6.      The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which Bayer Corporation has no legal responsibility.

7.      If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.  Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

8.      If the injuries claimed by Plaintiff were related to the use of YAZ®, Yasmin® and/or Ocella®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to YAZ®, Yasmin® and/or Ocella®.

9.      The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer Corporation was not the proximate and/or competent producing cause of such alleged injuries and damages.

10.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced because those damages arose from the acts or omissions of persons or entities other than Bayer Corporation for whom Bayer Corporation has no legal responsibility.

11.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drugs YAZ®, Yasmin® and/or Ocella®.  Plaintiff's recovery is accordingly barred.

12.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer Corporation.

13.     Plaintiff's claims are barred because the benefits of YAZ®, Yasmin® and Ocella® outweigh the risks, if any, that might be associated with the products.

14.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

15.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of YAZ® and Yasmin®, and the design and manufacture of Ocella®, including but not limited to adequate warnings and instructions with respect to the products' use included in the products' package inserts and other literature, conformed to the applicable state of the art.  YAZ®, Yasmin® and Ocella®, including their labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time.  Plaintiff's recovery accordingly is barred.

16.     Plaintiff's claims are barred because YAZ® and Yasmin® were neither defective nor unreasonably dangerous in their design, manufacture or marketing, and Ocella® was neither defective nor unreasonably dangerous in its design or manufacture, and YAZ®, Yasmin® and Ocella® were reasonably safe and reasonably fit for their intended uses, thereby barring Plaintiff's recovery.

17.     The warnings and instructions accompanying YAZ®, Yasmin® and Ocella® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

18.     Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

19.     Bayer Corporation gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, Bayer Corporation intends to rely upon same in defense of this action.

20.     The prescription drugs YAZ®, Yasmin® and Ocella® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of these prescription drugs, and that they were neither defective nor unreasonably dangerous.  Plaintiff's recovery is accordingly barred.

21.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

22.     Plaintiff's claims are barred in whole or in part because the commercial speech relating to YAZ®, Yasmin® and Ocella® is protected under the First Amendment of the United States Constitution and the applicable state constitution.

23.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

24.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

25.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

26.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

27.     Plaintiff did not detrimentally rely on any labeling, warnings or information concerning YAZ®, Yasmin® and/or Ocella®.

28.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

29.     Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

30.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

31.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Corporation, if any, should be reduced accordingly.

32.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

33.     Plaintiff's claims are moot and/or barred by release.

34.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to interest or costs.

35. Plaintiff's Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

36. Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

37. Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

38. Bayer Corporation did not sell or distribute YAZ®, Yasmin® or Ocella® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiff's claims for breach of warranty are barred by lack of privity between Plaintiff and Bayer Corporation.

39. Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable state's Uniform Commercial Code or other applicable law.

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

41. Bayer Corporation denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

42. Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Corporation's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States

Constitution, and would contravene other provisions of the United States Constitution and any applicable state constitution.

43.     Plaintiff cannot recover punitive or exemplary damages against Bayer Corporation because such an award, which is penal in nature, would violate Bayer Corporation's constitutional rights under the United States Constitution and any applicable state constitution, unless Bayer Corporation is afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.

44.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

45.     With respect to Plaintiff's demand for punitive or exemplary damages, Bayer Corporation specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under applicable state law or other applicable law.

46.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

47.     No act or omission of Bayer Corporation caused or contributed to the injuries alleged in the Complaint.  Bayer Corporation did not consciously or deliberately engage in

oppression, fraud, wantonness, or malice with regard to the Plaintiff. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

48.     Plaintiff's claims for punitive or exemplary damages as set forth in the Complaint are barred by 735 ILCS 5/2-604.1.

49.     Venue may be improper.

50.     This Court may not be the proper forum, and may be an inconvenient forum, for the just adjudication of Plaintiff's claims.

51.     Plaintiff's claims for punitive damages violate the Due Process Clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant where the burden of proof that a plaintiff must satisfy is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

52.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

53.     The award of punitive damages against Bayer Corporation in this action would violate the prohibition against laws that impair the obligations of contracts in contravention of Article I, Section 22 of the Constitution of Alabama.

54.     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate Bayer Corporation's right to defend itself pursuant to Article I, Section 10 of the Constitution of Alabama.

55.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Alabama Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

56.     The method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

57.     The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

58.     To the extent this action purports to hold one defendant liable for the acts of another, such violates the Due Process Clause of the United States Constitution and the Alabama Constitution.

59.     Bayer Corporation affirmatively pleads that any punitive damages that Plaintiff may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act No. 99-358), and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).  Bayer Corporation adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 431 n.9 (1994).

60.     Bayer Corporation avers that the punitive damage cap set out in Alabama Code § 6-11-21 (1975) applies to the instant case.  *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

61.     Bayer Corporation adopts the terms of any applicable legislative act or Alabama Supreme Court decision that now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

62.     Bayer Corporation denies that it was guilty of any actionable negligence, denies that Plaintiff was injured by any alleged negligence of Bayer Corporation, and denies the existence of any proximate cause between any act or omission of Bayer Corporation and any alleged damages.

63.     Plaintiff, knowing the nature and properties of YAZ®, Yasmin® and Ocella®, consented to use YAZ®, Yasmin® and Ocella®, and accordingly Bayer Corporation cannot be held liable.

64.     To the extent there were any risks associated with the use of YAZ®, Yasmin® and Ocella®, which Bayer Corporation knew or should have known and which gave rise to a duty to warn, any such duty was discharged through appropriate and adequate warnings.

65.     The public interest and benefit in the availability of YAZ®, Yasmin® and Ocella® preclude liability of Bayer Corporation for the risks, if any, which were unavoidable given the state of human knowledge at the time.  With respect to Plaintiff's claims, if it is determined that there is a risk inherent in YAZ®, Yasmin® and Ocella®, then such risk, if any, is outweighed by the benefits of YAZ®, Yasmin® and Ocella®.

66.     YAZ®, Yasmin® and Ocella® were not unreasonably dangerous or defective, and YAZ®, Yasmin® and Ocella® did not create any liability under the Alabama Extended Manufacturer's Liability Doctrine.

67.     Plaintiff's claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

68.     Plaintiff cannot rely on any implied warranties because they were disclaimed.

69.     With respect to each and every purported cause of action, the acts of Bayer Corporation were at all times done in good faith and without malice.

70.     Bayer Corporation pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiff.

71.     Any civil penalties and remedies are barred as excessive fines or penalties prohibited under the Eighth and Fourteenth Amendments to the United States Constitution and the excessive fines and/or penalties clause of the Constitution of Alabama.

72.     Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action.

73.    Bayer Corporation adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer Corporation's defenses pleaded in this Answer.

WHEREFORE, Bayer Corporation requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Corporation and against Plaintiff, and that Bayer Corporation be awarded the costs of this action, together with such other and further relief as may be appropriate.

## JURY DEMAND

Bayer Corporation hereby demands a trial by jury on all issues so triable.

/s/ William C. McGowin
William C. McGowin (MCG040)
Robert E. Poundstone IV (POU006)
BRADLEY ARANT BOULT CUMMINGS LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: 334.956.7700
Facsimile: 334.956.7701
wmcgowin@babc.com
bpoundstone@babc.com

**Attorneys for Defendant**
**Bayer Corporation**

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

M. Adams Jones
Lance H. Swanner
Jacoby & Meyers LLC
PO Box 5551
Dothan, AL 36302

Jere L. Beasley
J. Greg Allen
W. Roger Smith III
Beasley Allen Crow Methvin
   Portis & Miles PC
PO Box 4160
Montgomery, AL  36104

L. Shane Seaborn, Esq.
Penn & Seaborn
P. O. Box 688
Clayton, AL 36016

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ William C. McGowin
Of Counsel