# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF <br> MDL No. 2100 <br> Judge David R. Herndon <br> **ORDER DENYING REMAND** |
| **This Document Relates to:** | |

*Taundra Taylor v. Paula Senn Peters et al.,*
No. 3:11-cv-20073-DRH -PMF

## I. INTRODUCTION

This matter is before the Court on defendant Paula Senn Peters' motion to remand. For the reasons that follow, the Court finds that realignment of Ms. Peters as a party plaintiff is appropriate and that the amount in controversy exceeds 75,000. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. 1332 and the motion to remand is **DENIED**.

## II. RELEVANT FACTS AND BACKGROUND

### A. Citizenship of the Parties

Plaintiff Taundra Taylor and defendant Paula Senn Peters are citizens of the State of Alabama. The remaining defendants are pharmaceutical defendants (Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare Pharmaceuticals, Inc., Bayer Schering Pharma AG, and Bayer AG (collectively,

"Bayer defendants") and Barr Pharmaceuticals, Inc., Barr Pharmaceuticals, LLC, Barr Laboratories, Inc., Teva Pharmaceuticals Industries LTD, and Teva Pharmaceuticals USA, Inc. (collectively, "Ocella defendants") (the Bayer defendants and the Ocella defendants are collectively referred to throughout as the "pharmaceutical defendants")), none of which is a citizen of Alabama.[1]

**B.     Background**

In December 2008, plaintiff Taundra Taylor and defendant Paula Senn Peters were involved in a car accident in Barbour County, Alabama (Doc. 11 p. 1). Ms. Taylor filed a personal injury complaint against Ms. Peters in Alabama state court in April 2010. Ms. Taylor alleged that she suffered bodily injury, medical expenses, lost wages, and mental pain and anguish as a result of Ms. Peters negligently and/or wantonly allowing her vehicle to collide with Ms. Taylor's vehicle (Doc. 14 Exhibit B; Doc. 11 p. 2). On or about September 21, Ms. Peters filed her answer and third party complaint (Doc. 14 Exhibit C; Doc. 11 Exhibit 2). In here third party complaint, Ms. Peters brought claims against the pharmaceutical defendants alleging that she suffered a side effect from her use of the birth control pill Ocella, which caused her to lose control of her vehicle and collide with the vehicle operated by Ms. Taylor. *Id.*[2] On October 20, 2010, Ms.

---

[1] The opposition to Ms. Peters' motion to remand was filed on behalf of three of the Bayer defendants, Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc (Doc. 14).

[2] The Bayer defendants were served on October 5, 2010 (Doc. 6 p. 4 ¶ 12). The Ocella defendants were served on October 18, 2010. *Id*. At this time, there was no apparent basis for removal. *Id*.

Taylor filed an amended complaint, which added allegations against the pharmaceutical defendants (Doc. 14 Exhibit D). The Bayer defendants and the Ocella defendants were served with Ms. Taylor's amended complaint on November 2, 2010 and November 4, 2010, respectively. *Id*.

On November 5, 2010, the Bayer defendants learned – for the first time[3] – that prior to the commencement of her suit against Ms. Peters, Ms. Taylor, as part of a settlement, executed releases of any and all personal injury and property damage claims that she may have had against Ms. Peters (Doc. 14 Exhibit A p. 2 (release for property damage arising out of the December 18th car accident dated June 2009); Doc. 14 Exhibit A p. 3 (release that "forever discharges" Ms. Peters from any liability arising out of the December 18th car accident and expressing a "full and complete SETTLEMENT," dated March 2009)). *See also* Doc. 11 p. 2 (acknowledging that "Ms. Taylor executed a full release of her claims against Ms. Peters")). Notably, Ms. Peters did not raise the settlement as a defense and has never tendered this action to her insurer for defense (Doc. 14 Exhibit C; Doc. 14 p. 2 n.1).

On November 19, 2010, Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively, "removing defendants"), removed the action to federal court, alleging that Ms. Peters should be realigned with Ms. Taylor and that the parties, when properly aligned, are completely

---

[3] The Bayer defendants state that they learned of the settlement and release agreements on November 5, 2010, after subpoenaing records from Ms. Peters' car insurance company.

diverse (Doc. 6). Barr Pharmaceuticals, LLC (formerly known as Barr Pharmaceuticals, Inc.), Barr Laboratories, Inc., and Teva Pharmaceuticals USA, Inc., consented to the removal (Doc. 6 p. 5 ¶ 15). The notice of removal stated that the remaining pharmaceutical defendants (Bayer Schering Pharma AG, Bayer AG, and Teva Pharmaceuticals Industries Ltd), had not been served and therefore need not consent to removal (doc. 6 p. 5-6 ¶ 16). The notice of removal also stated that consent to removal by Ms. Peters was not required because "Ms. Peters, while nominally a defendant, should be realigned as a plaintiff…" (Doc. 6 p. 6 ¶ 17).

Ms. Peters filed her motion to remand on December 3, 2010 (Doc. 11). In her motion to remand, Ms. Peters argues that the claims Ms. Taylor has asserted against her are "viable" and that there is no identity of interest between Ms. Peters and Ms. Taylor because Ms. Taylor has accused Ms. Peters of being at fault in the subject car accident (Doc. 11 pp. 2-3). Accordingly, Ms. Peters contends, she cannot be realigned as a party-plaintiff. *Id.* at 3-4. Ms. Peters also contends that the removing defendants have failed to meet their burden of showing that the amount in controversy exceeds $75,000 and that the notice of removal is defective because Ms. Peters did not consent to removal (Doc. 11 pp. 4-6).

The removing defendants respond, arguing that in light of the settlement and release, there is no actual conflict between Ms. Peters and Ms. Taylor (Doc. 14 pp. 3-7). Accordingly, they argue, the only live controversy is

whether Ocella caused or contributed to the car accident; on this issue, Ms. Peters and Ms. Taylor have identical interests (if Ms. Taylor prevails on her claim, so will Ms. Peters and vice-versa). *Id.* As to the amount in controversy requirement, the Bayer defendants contend that the alleged severe and ongoing personal injuries and requests for punitive damages establish that this requirement is met. Finally, the Bayer defendants maintain that because Ms. Peters is a nominal defendant, the Bayer defendants did not need to obtain her consent to removal.

The case was transferred to these multidistrict litigation proceedings[4] in April 2011 with Ms. Peters' motion to remand pending.

### III.  LEGAL STANDARD

Diversity jurisdiction requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A corporation shall be deemed a citizen of any state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(2). The citizenship for an LLC for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). An individual is a citizen of the state where she is domiciled. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

The federal removal statute, 28 U.S.C. § 1441, provides a diversity action is removable if the requirements for diversity jurisdiction are met and "if

---

[4] The Court assumes familiarity with the history of this multidistrict litigation, as well as with the parties and the products (Yaz, Yasmin, and Ocella) that are at the center of these proceedings.

none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). Removal is generally considered defective, unless all defendants consent to removal, or the petition explains why the other defendants have not consented. *See Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993). However, "only indispensable defendants are required to join in the petition for removal; the consent of nominal or formal parties is not necessary." *Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir.1981) quoting*First National Bank of Chicago v. Mottola*, 302 F.Supp.785, 790-91 (N.D.Ill.1969). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw*, 994 F.2d at 369.

In assessing diversity jurisdiction, the formal designation of parties as plaintiffs or defendants in the original pleading is not controlling. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants."); *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981)("the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation"). Instead, the Court must "look beyond

the pleadings and arrange the parties according to their sides in the dispute."*City of Indianapolis*,314 U.S. at 69 (internal citations and quotation marks omitted).[5]

"The propriety of alignment is a matter not determined by mechanical rules, but rather by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *Am. Motorists*, 657 F.2d at 151. In conducting this review, the Seventh Circuit applies the "actual and substantial conflict" test.[6]*Wolf*, 574 F.3d at 413. Under this test, "it is the points of substantial antagonism, not agreement, on which the realignment question must turn." *Id*.Thus, "a mere mutuality of interest in escaping liability is not of itself

---

[5]*See also City of Indianapolis*,314 U.S. at 69("Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interests exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute.") (citations and quotation marks omitted); *Am. Motorists*,657 F.2d at 149("the court may look beyond the pleadings and consider the nature of the dispute in order to assess the parties' real interests").

[6]There is disagreement amongst the circuit courts with regard to application of the realignment test articulated by the Supreme Court in *City of Indianapolis*.*See generally* Wright, Miller & Cooper, 13E Federal Practice & Procedure § 3607In *Wolf*(the Seventh Circuit's most recent decision addressing realignment), the Seventh Circuit discussed the actual and substantial controversy test outlined in in *Am. Motorists*. The Appellate Court affirmed that although the actual and substantial controversy test is a minority view, it continues to govern in the Seventh Circuit. *Wolf*, 574 F.3d at 413. Under the actual and substantial controversy test, an identity of interests is not a sufficient basis for realignment. *See Id.*at 412-413(question of party realignment must turn on points of substantial antagonism, not those of agreement; mere mutuality of interest in escaping liabilities is insufficient). In contrast, under the majority view (the "primary purpose" or "principal purpose" test), it appears that a mutuality of interests may be a sufficient basis for realignment. *See generally* Wright, Miller & Cooper, 13E Federal Practice & Procedure § 3607. Considering the above, the Court focuses on whether an actual and substantial controversy exists as opposed to focusing on whether there is an identity of interest between Ms. Peters and Ms. Taylor (an argument raised by both parties).

sufficient to justify realignment." *Id.* Rather, "realignment is only proper 'where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." *Id.* Additionally, the decision must be based on the facts as they existed at the time the action was commenced. *Id.*

If no actual, substantial controversy exists, realignment is proper even if it may "destroy diversity and deprive the court of jurisdiction." *Am. Motorists*, 657 F.2d at 149. This rule, "works both ways, however, and subject matter jurisdiction will be sustained if diversity of citizenship exists when the parties are aligned properly, even though it is lacking on the face of the pleadings." 13E Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3607 (2011). Naturally, the Court will not realign the parties to preserve diversity jurisdiction if an actual, substantial controversy exists. *Id.* *See also Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) ("It is undoubtedly improper to realign parties for the purpose of preserving jurisdiction if an actual, substantial controversy exists between a party on one side of the dispute and its named opponent.").

## IV. ANALYSIS

There is no dispute that Ms. Peters and Ms. Taylor entered into settlement and release agreements prior to the commencement of this suit. The June 16th agreement provides that Ms. Taylor does "hereby remise, release and forever discharge" Ms. Peters "from and against all claims, demands, actions and

causes of action for damages whensoever and howsoever arising on account of damage to property (including loss or use thereof) arising out of [the subject accident]" (Doc. 14 Exhibit A p. 1). The March 12th agreement provides that Ms. Taylor "releases and forever discharges" Ms. Peters "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever and particularly on account of all injuries known and unknown, both to person and property, which have resulted or may in the future develop from [the subject accident]." *Id*. at p. 2. The March 12th agreement further states "that this Release expresses a full and complete SETTLEMENT of a liability claimed and denied, regardless of the adequacy of the aforesaid payment made…" *Id*. (emphasis supplied).

Clearly, in light of these agreements, no actual, substantial controversy existed between Ms. Taylor and Ms. Peters when this suit was commenced (nor does an actual, substantial controversy presently exist). The Court also notes that Ms. Peters'conduct – failing to tender this action to her insurer for defense, failing to raise the settlement and release agreements as a defense, and forcefully arguing that the claims against her are viable – indicates that Ms. Peters and Ms. Taylor are colluding in this matter; a factor that further supports the conclusion that no actual, substantial controversy exists.

Because there is no actual, substantial controversy between Ms. Peters and Ms. Taylor, the Court finds that Ms. Peters should be realigned as a party plaintiff. With Ms. Peters realigned as a party plaintiff, the fact that Ms.

Peters is a citizen of the State of Alabama is not an impediment to removal on the basis of diversity jurisdiction. Nor is Ms. Peters' failure to join in the notice of removal an impediment to removal. Logic dictates that the requirement that all defendants must join in removal does not apply to *de facto* plaintiffs such as Ms. Peters. Moreover, the unanimity rule does not apply to nominal or formal parties. *See Shaw*, 994 F.2d at 369. Considering the settlement and release agreements, Ms. Peters is clearly a nominal party. *See Id*. ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable.").

The Court also finds that the jurisdictional amount has been satisfied. Although the complaint does not allege a specific amount of damages, it is apparent that the amount in controversy exceeds $75,000. Ms. Taylor alleges that she suffered "sever bodily injuries," "physical pain and mental anguish," and that she "will continue to suffer [physical pain and mental anguish] in the future" (Doc. 14 Exhibit D). She further alleges that she has incurred medical expenses, and claims that she has suffered "lost wages, and will continue to do so in the future." She seeks compensatory damages, punitive damages, and costs. *Id*. The "litany of injuries" alleged clearly establish that Ms. Taylor is seeking damages in excess of $75,000. See *Walton v. Bayer Corp*. -- F.3d --, 2011 WL 1938428, *2 (7th Cir. 2011).

## V. CONCLUSION

The realignment of Ms. Peters as a plaintiff results in complete diversity between plaintiffs and defendants and excuses the removing defendants' failure to obtain Ms. Peters' consent to removal. Additionally, the amount in controversy is clearly greater than $75,000. Accordingly, this Court has jurisdiction and the motion to remand is **DENIED.**

**SO ORDERED.**

David R. Herndon
2011.07.20
16:50:22 -05'00'

**Chief Judge**                                          **Date: July 20, 2011**
**United States District Court**